UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Tulio Danilo Solares,

    Petitioner,

    v.

Michael Mukasey *et al.*,

    Respondents.

Civil Action No.  08-0829 (JDB)

**MEMORANDUM OPINION**

Petitioner, a prisoner at the Federal Correctional Institution in Fort Worth, Texas, has applied for a writ of *habeas corpus*.  He challenges the federal judgment of conviction on the grounds that the unidentified sentencing court lacked jurisdiction over his criminal proceedings and that his defense counsel was ineffective in failing to raise the jurisdictional issue.

A challenge to a federal conviction must be pursued in the sentencing court under 28 U.S.C. § 2255, which states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.  *See Taylor v. United States Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing).  In a separately filed document, petitioner contends that "[s]ubsection []2255 of Title

28 of the United States Code, is inapplicable and without force or effect of law [because it has not] been enacted by Congress, into Federal Law." Administrative and Quasi-Judicial Notice [Dkt. No. 2] at 1.  Petitioner has neither asserted that he presented this argument to the sentencing court in a § 2255 proceeding nor provided any basis for finding his § 2255 remedy inadequate or ineffective.

Because there is no indication from the petition or a search of this Court's dockets that petitioner was sentenced here, the case will be dismissed for want of jurisdiction.  A separate Order accompanies this Memorandum Opinion.

                                                                                                                                                                                          s/
                                        JOHN D. BATES
                             United States District Judge

Dated: May 27, 2008